WM. R. JOYES *v.* ELIAS D. LAWRENCE.

[Abstract Kentucky Law Reporter, Vol. 3—688.]

**Vested Remainder.**

> Where a testator bequeaths real estate to her daughter during her life, after her death the same to go to her children and the survivor or survivors without issue, and in case she dies without a child or children or grandchildren, then said daughter is authorized to dispose of the property by will, and where the daughter had several children and one of them died before her mother, leaving a child, it is held that the children took a vested remainder, subject to be divested in the event of their death without issue, and the grandchild inherited from her mother, who had taken a vested interest.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 9, 1882.

OPINION BY JUDGE PRYOR:

By the will of Mary Lawrence she devised to Robert Tyler, in trust for the use of her daughter, Mary L. Riddle, certain real estate in Louisville during her life, and after her death the same to go to her children and the survivor or survivors without issue and in case she dies without a child or children or grandchildren, then the said Mary is authorized to dispose of the property by last will. Mrs. Riddle had several children, and one of them, Mrs. Joyes, died before her mother, leaving a child surviving her. The children took a vested remainder, subject to be divested in the event of their dying without issue; and as Mrs. Joyes left a child surviving this child inherited from the mother. Mrs. Joyes took a vested interest at the death of her grandmother (the testatrix), and was never divested of that interest, as she died leaving issue. See *Sale v. Crutchfield,* 8 Bush (Ky.) 636.

The trustee of Mrs. Riddle, who purchased the interest acquired by Hamilton under the execution against Joyes and wife, is not asserting any greater claim on the estate than will reimburse him in the expenditure for the mother of the appellant, and the taxes and other admitted liens on the property; and when these claims are satisfied he surrenders, by the judgment in this case, all interest to the appellant. This has been done by a conveyance to a trustee filed in the cause and approved by the chancellor. There is certainly no disposition shown on the part of the appellee to deprive the infant defendant, by any unfair means, of his estate; and from the facts before us it would seem that the interest of the infant requires that the prayer of the petition should be granted. The statutory guardian of the infant, although he has appealed in this case, seems not to be in the possession of any fact conducing to show any improper motive on the part of the appellee in seeking the judgment.

The trustee swears that he paid the money for Mrs. Joyes out of his own pocket, and that he held no means of hers whatever. If he can be said to have acted as a trustee in the purchase, still he is only claiming what he would be entitled to on a settlement of the accounts between the parties. It is not controverted that the mother of the appellee owed the debt for which this property was sold, and if she had a vested interest in it that interest

could be subjected to the payment of her debts. We have already determined that the will created in the mother a fee, and that she could only lose this estate upon the happening of the contingency provided for in the will. The cases of *Sale v. Crutchfield,* 8 Bush (Ky.) 636; *Hart v. Thompson's Admr.,* 3 B. Mon. (Ky.) 482; and *Morris v. Shannon,* 12 Bush (Ky.) 89, sustain the construction of the will given by the court below. See, also, the case of *Moore v. Lyons,* 25 Wend. (N. Y.) 119, referred to by counsel for the appellee.

Judgment below is *affirmed.*

*James P. Beattie, Boyd Winchester, for appellant.*